IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR TBW MORTGAGE BACKED TRUST 2006-6 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2006-6,<br><br>Plaintiff,<br><br>v.<br><br>CLARENCE L. CARR, TAMMY CARLISLE, MICHAEL DONDIS, AND ALL OTHER OCCUPANTS,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NUMBER 1:17-cv-1083-TCB |

## **O R D E R**

This case comes before the Court on Magistrate Judge Walter E. Johnson's Final Report and Recommendation (the "R&R") [10] which recommends this case be remanded to the Magistrate Court of Clayton County, Georgia. Carr has filed objections to the R&R [12].

This case arises from a dispossessory action, which was filed in state magistrate court. After filing his case in Clayton County, Carr

removed the dispossessory proceeding to this Court pursuant to 28 U.S.C. § 1443(1). He argues that removal is authorized because the Georgia Constitution demands that all cases related to the possession of land be tried by a jury, which is not available in state magistrate court absent an appeal.

## I. Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)).[1] This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v.*

---

[1] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by the Unit B panel of the former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982); see also *United States v. Schultz*, 565 F.3d 1353, 1361 n.4 (11th Cir. 2009) (discussing the continuing validity of *Nettles*).

*Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.2d 310, 315 (4th Cir. 2005)).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

The district judge also has discretion to decline to consider arguments that were not raised before the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

matter and would not help to relieve the workload of the district court." *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

After conducting a complete and careful review of the R&R, the district judge may accept, reject or modify the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

## II.  Carr's Objections to the R&R

Carr filed objections, but does not object to any of the factual findings in the R&R. Instead, Carr objects to the magistrate judge's recommendation of remand and requests that the Court "expand" the application of 28 U.S.C. § 1443(1) beyond the "narrow reading" of the magistrate judge in the R&R. [12]. The Court, however, agrees with Judge Johnson's analysis of § 1443 and the conclusions reached in the R&R.

Section 1443 is a removal statute specific to civil rights cases, as the title of the section states. Judge Johnson properly analyzed Carr's

response and noted that Carr did not argue that the right upon which he relies is one which arises under federal law protecting civil rights stated in terms of racial equality or that he could not protect his rights in state court. *See Wells Fargo Bank, N.A. v. Henley*, 198 F. App'x 829, 830 (11th Cir. 2006) (per curiam) (remanding foreclosure dispossessory case where claim was not based on the denial of civil rights stated in terms of racial equality and there was no evidence that the removing party would have been denied or could not enforce his rights in state court). *Carr's* dispossessory action fails for the same reasons as the dispossessory action in *Henley*, where removal under § 1443 was also found improper.

### III.  Conclusion

The Court has carefully reviewed the R&R and Carr's objections thereto. Having done so, the Court finds that Magistrate Judge Johnson's factual and legal conclusions were correct and that Carr's objections have no merit. Therefore, the Court adopts as its Order the R&R [10] and the case is remanded to the Magistrate Court of Clayton County, Georgia.

IT IS SO ORDERED this 19th day of October, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge